**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNISYS CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 05-281C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S ANSWER AND COUNTERCLAIM</u>**

1. For its answer to the complaint, defendant United States of America admits, denies, and alleges as follows:

2. The allegations contained in paragraph 2 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

**<u>PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES</u>**

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits that defendant is the United States of America acting principally by and through the Department of Defense and the Defense Contract Management Agency, that the Corporate Administrative Contracting Officer is Denise D. Chezek, and that Ms. Chezek was authorized to negotiate with plaintiff Unisys Corporation ("Unisys") concerning certain accounting issues, and was authorized to issue a Contracting Officer's Final Decision pursuant to the Disputes clause; otherwise denies the remaining allegations contained in paragraph 4.

**PLAINTIFF'S OVERVIEW OF ISSUES**

5. The allegations contained in paragraph 5 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Denies the allegations contained in the first and second sentences of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 6 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 9.

**PLAINTIFF'S ALLEGATIONS**
**REGARDING JURISDICTION**

10. The allegations contained in paragraph 10 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported

by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## PLAINTIFF'S SUMMARY OF FACTS

### Plaintiff's Allegations Regarding the Transfer of the DSO Segment

13. Admits that the sale included Unisys business units located at Great Neck, New York; Salt Lake City, Utah; Eagan, Minnesota; and Huntsville, Alabama, and that Unisys has performed negotiated Government contracts; otherwise denies the remaining allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits that the four sold segments participated in three separate pension plans maintained by Unisys, otherwise denies the remaining allegations contained in the first, second, third, fourth, fifth, and seventh sentences of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the sixth sentence of paragraph 14 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the first sentence of

paragraph 15. Denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

**<u>Plaintiff's Allegations Regarding CAS 413</u>**

16. The allegations contained in paragraph 16 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the first sentence of paragraph 18. The allegations contained in the second, third, and fourth sentences of paragraph 18 constitute conclusions of law, to which no response is required; to the extent that they may be deemed to be allegations of fact, they are denied.

**Plaintiff's Allegations Regarding**
**<u>Results of Audit Letter and Subsequent Audit Reports</u>**

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. The allegations contained in the first sentence of paragraph 20 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the

second and third sentences of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth and fifth sentences of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 23.

24. Denies the allegations contained in the first and second sentences of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 24 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the third sentence of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document referred to, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 25.

26. Admits the allegations contained in the first sentence of paragraph 26 to the extent supported by the document referred to, which is the best evidence of its

contents, otherwise denies the remaining allegations contained in the first sentence of paragraph 26. The allegations contained in the second sentence of paragraph 26 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in the first, third, and fourth sentences of paragraph 28 to the extent supported by the document referred to, which is the best evidence of its contents, otherwise denies the remaining allegations contained in the first, third, and fourth sentences of paragraph 28. Admits the allegations contained in the second sentence of paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the document referred to, which is the best evidence of its contents, otherwise denies the remaining allegations contained in paragraph 29.

30. Admits that the parties met in March, 2003 and discussed the required segment closing adjustment, and that Unisys offered to prepare a revised segment closing calculation; denies that the Government agreed with Unisys's proposed approach or that the Government directed Unisys to prepare such submission; and otherwise denies the remaining allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits the allegations contained in paragraph 31 to the extent supported by the document referred to, which is the best evidence of its contents, otherwise denies

the remaining allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Plaintiff's Allegations Regarding the**
**Final Determination of Noncompliance**

33. Admits the allegations contained in paragraph 33 to the extent supported by the document referred to, which is the best evidence of its contents, otherwise denies the remaining allegations contained in paragraph 33.

**Plaintiff's Allegations Regarding**
**Plaintiff's "Cost Impact Analysis"**

34. Admits the allegations contained in paragraph 34 to the extent supported by the documents referred to, which are the best evidence of their contents, otherwise denies the remaining allegations contained in paragraph 34.

**Plaintiff's Allegations Regarding the**
**Final Decision**

35. Admits the allegations contained in paragraph 35 to the extent supported by the document referred to, which is the best evidence of its contents, otherwise denies the remaining allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the documents referred to, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 36.

37. Admits the allegations contained in the first and second sentences of paragraph 37 to the extent supported by the documents referred to, which are the best

evidence of their contents; otherwise denies the remaining allegations contained in the first and second sentences of paragraph 37. The allegations contained in the third and fourth sentences of paragraph 37 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT I**
**(Plaintiff's Allegations Regarding Segment Closing Adjustment)**

39. Defendant's responses to paragraphs 1 through 38 of the complaint are incorporated by reference.

40. The allegations contained in paragraph 40 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT II**
**(Plaintiff's Allegations of No Cost Impact)**

41. Defendant's responses to paragraphs 1 through 40 of the complaint are incorporated by reference.

42. The allegations contained in paragraph 42 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT III**
**(Plaintiff's Claimed Entitlement to Offset Against PRB Liability)**

43. Defendant's responses to paragraphs 1 through 42 of the complaint are incorporated by reference.

44. The allegations contained in paragraph 44 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**COUNT IV**
**(Plaintiff's Allegations Regarding Interest)**

45. Defendant's responses to paragraphs 1 through 44 of the complaint are incorporated by reference.

46. The allegations contained in paragraph 46 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 46, or to any relief whatsoever.

48. Denies each and every allegation not previously admitted or otherwise qualified.

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**DEFENDANT'S COUNTERCLAIM**

**JURISDICTION**

49. This Court has jurisdiction to entertain defendant's counterclaim under 28 U.S.C. §§ 1503 and 2508, and 41 U.S.C. §§ 601 *et seq*. (the Contract Disputes Act).

## BACKGROUND

50. On July 20, 1977, the Cost Accounting Standards Board ("CAS Board") promulgated Cost Accounting Standard 413. 42 Fed. Reg. 37191, originally codified at 4 C.F.R. § 413 (1978), and later at 48 C.F.R. § 9904.413 (1994). The effective date of CAS 413 was March 10, 1978. CAS 413.80(a), 4 C.F.R. § 413.80(a) (1978). CAS 413.80(b), 4 C.F.R. § 413.80(b) (1978), required each contractor to follow CAS 413 on or after the start of the contractor's next cost accounting period beginning after the receipt of a contract to which CAS 413 was applicable.

51. Plaintiff Unisys Corporation ("Unisys" or "plaintiff") was required to comply with CAS 413 no later than January 1, 1979.

52. For many years, Unisys (and its corporate predecessors) has been a substantial Government contractor, performing a variety of fixed-price and flexibly-priced Government contracts that were subject to full CAS coverage.

### The Segment-Closing Transaction

53. On or about May 4, 1995, Unisys sold a segment of its business, the Defense System Organization segment ("the DSO Segment"), to Loral Corporation ("Loral"). The DSO Segment itself consisted of four Unisys business segments located at Great Neck, New York; Salt Lake City, Utah; Eagan, Minnesota; and Huntsville, Alabama.

### Unisys's Pension Plans

54. On information and belief, for many years prior to the sale to Loral, Unisys had maintained a number of defined benefit plans that covered employees of the DSO Segment. Until at least 1993, Unisys charged a portion of the pension costs for

these plans to various flexibly-priced Government contracts, and the Government reimbursed such costs to Unisys.

55. At the time of the sale of the DSO Segment, the combined market value of the pension assets of the pension plans covering employees of the DSO Segment was substantially greater than the actuarial liabilities of those plans. In other words, the DSO Segment had a substantial pension surplus. The amount of this combined pension surplus as of January 1, 1995 (approximately five months before the May 4, 1995 segment closing) was approximately $76,252,238.

56. Pursuant to the terms of its agreement with Loral, as part of the sale of the DSO Segment, Unisys caused a portion of the DSO Segment's pension surplus (approximately $27,377,056) to be transferred from the Unisys pension plans to Loral pension plans. Unisys retained in its pension plans the remainder of the DSO Segment's pension surplus.

**Finding of CAS 413 Noncompliance**

57. By letter dated August 28, 2000, to Ralph Johnson, Unisys Federal Systems, Denise D. Chezek, Corporate Administrative Contracting Officer, Defense Contract Management Command, notified Unisys of her initial finding that Unisys was in noncompliance with CAS 413.50(c)(12) because it had failed to make an adjustment of previously-determined pension costs after the sale of the DSO Segment to Loral, as required by CAS 413.50(c)(12).

58. On or about August 14, 2003, Unisys submitted a segment-closing calculation relating solely to the Great Neck Bargaining Unit, which consisted of (i) a letter dated August 14, 2003 from Terry L. Albertson, Esq., Unisys's attorney, to Ms.

Chezek, and (ii) a letter report dated August 13, 2003, entitled "Unisys Corporation Great Neck Bargaining Unit Segment Closing Analysis," prepared by John B. McQuade, F.S.A., Pine Cliff Consulting Inc., for Donna Q. Obrecht, Unisys's Manager, Government Corporate Accounting.

59. By letter dated March 31, 2004 to Ms. Obrecht, Ms. Chezek issued her final finding that Unisys was in noncompliance with CAS 413.50(c)(12) because it had failed to make an adjustment of previously-determined pension costs after the sale of the DSO Segment, as required by CAS 413.50(c)(12). In that same letter, Ms. Chezek requested that Unisys submit a cost impact proposal within 60 days.

60. On or about May 26, 2004, Unisys submitted segment-closing calculations for the DSO Segment and a cost impact analysis. Unisys's submission consisted of (i) a letter dated May 26, 2004 from Mr. Albertson, to Ms. Chezek, and (ii) a letter report dated May 25, 2004 entitled "Unisys Corporation DSO Segment Closing Calculations and Cost Impact Analysis," prepared by Mr. McQuade for Ms. Obrecht.

61. By letter dated December 9, 2004, Ms. Chezek issued a Contracting Officer's Final Decision and Demand for Payment regarding the DSO Segment closing. In her Final Decision, Ms. Chezek determined that Unisys was in noncompliance with CAS 413.50(c)(12) with respect to the DSO Segment closing, because it had failed to submit a proper segment-closing adjustment calculation, and made a demand for payment of $8,488,809, plus interest in the amount of $5,622,203 (through September 30, 2004), for a total demand of $14,111,012 as of September 30, 2004.

**COUNT I**
**(Government Claim for a Segment-Closing Adjustment**
**<u>under CAS 413.50(c)(12))</u>**

62. Defendant repeats and incorporates herein by reference the allegations contained in paragraphs 49 through 61 set forth above as if set forth in full at this point.

63. At the time of its sale to Loral, the DSO Segment was a “segment” of Unisys’s business, and the four business segments that comprised the DSO Segment were “segments” of Unisys’s business, in each case as “segment” is defined in CAS 413.30(a)(11), 48 C.F.R. § 9904.413-30(a)(11) (1994).

64. Unisys’s sale of its DSO Segment to Loral constituted a segment closing under CAS 413, 48 C.F.R. § 9904.413 (1994).

65. Under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1994), Unisys was required to determine the difference, as of the segment closing date, between the actuarial liability for the DSO Segment and the market value of the pension assets allocated to that segment (the “pension surplus”), and to pay to the Government the Government’s share of the closed segment’s pension surplus.

66. The pension surplus of the DSO Segment as of January 1, 1995 was approximately $76,253,238. Of this total amount, Unisys retained in its pension plans approximately $48,876,182, and caused approximately $27,377,056 of surplus to be transferred to Loral’s pension plans.

67. Under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1994), the Government’s share of the closed segment’s pension surplus is equal to the portion of the surplus that is attributable to pension contributions that were allocated to Unisys’s government flexibly-priced contracts that were subject to CAS 413 because they were

entered into after January 1, 1979, the date upon which Unisys was required to follow CAS 413.

68. The Government's share of the DSO Segment's pension surplus is approximately $8,488,809.

69. Pursuant to CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1994), Unisys is liable to the Government in the amount of approximately $8,488,809 (the Government's share of the DSO Segment's pension surplus), plus interest for Unisys's noncompliance with CAS 413 from May 4, 1995 (the date of segment closing) to the date of payment in an amount that will be established at the trial of this action.

70. Unisys has not paid to the Government any part of the amounts that it owes under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1994), relating to the closing of the DSO Segment.

71. Unisys is in noncompliance with CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1994), with respect to the closing of the DSO Segment, because it has never made the segment-closing adjustment of previously-determined pension costs required by that provision.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed with prejudice, that judgment be entered in defendant's favor against plaintiff on defendant's counterclaim in an amount not less than $8,488,809 to be determined at

the trial of this action, plus applicable interest and costs, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorney for Defendant United States of America

OF COUNSEL:

STEPHEN R. DOOLEY
Supervisory Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Dated: July 7, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 7th day of July, 2005, a copy of the foregoing Defendant's Answer and Counterclaim was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird