IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNISYS CORPORATION,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | ) | Civil Action No. 05-281C<br>(Judge Firestone) |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM**

1. For its reply to the counterclaim of defendant United States set forth in paragraphs 49 through 71 of defendant's answer, plaintiff Unisys Corporation ("Unisys") admits, denies, and alleges as follows:

**Defendant's Allegations Regarding Jurisdiction**

2. The allegations contained in paragraph 49 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Defendant's Allegations Regarding Background**

3. The allegations contained in paragraph 50 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 51.

5. Admits that Unisys (and its corporate predecessors) have performed a variety of fixed-price and flexibly-priced Government contracts that were subject to

full CAS coverage; otherwise denies the remaining allegations contained in paragraph 52.

**Defendant's Allegations Regarding the Segment-Closing Transaction**

6. Admits that on or about May 4, 1995, Unisys sold the Defense Systems Organization ("DSO") to Loral Corporation ("Loral") and that the DSO consisted off four Unisys business units located at Great Neck, New York; Salt Lake City, Utah; Eagan, Minnesota; and Huntsville, Alabama; otherwise denies the remaining allegations contained in paragraph 53.

**Defendant's Allegations Regarding Unisys' Pension Plans**

7. Admits that Unisys maintained three pension plans that covered employees of the DSO segment and that until 1993, Unisys charged a portion of the pension costs for these plans to certain flexibly-priced Government contracts; otherwise denies the remaining allegations contained in paragraph 54.

8. Admits that at the time of the sale of the DSO segment, the combined market value of the pension assets of the pension plans covering the DSO employees of the DSO segment was greater than the actuarial liabilities of those plans; otherwise denies the remaining allegations contained in paragraph 55.

9. Admits the allegations contained in paragraph 56.

**Defendant's Allegations Regarding Finding of CAS 413 Noncompliance**

10. Admits that the Corporate Administrative Contracting Officer sent a letter to Unisys dated August 28, 2000 containing her initial finding, states that the

letter speaks for itself, and otherwise denies the remaining allegations contained in paragraph 57.

11. Admits that Unisys submitted a segment-closing calculation relating to the Great Neck Bargaining Unit on August 14, 2003, states that documents referenced in paragraph 58 speak for themselves, and otherwise denies the remaining allegations contained in paragraph 58.

12. Admits that by letter dated March 31, 2004, Ms. Chezek issued her final finding that Unisys was in noncompliance with CAS 413.50(c)(12) and requested that Unisys submit a cost impact proposal within 60 days, states that the letter speaks for itself, and otherwise denies the remaining allegations contained in paragraph 59.

13. Admits that on or about May 26, 2004, Unisys submitted segment-closing calculations for the DSO Segment and a cost impact analysis, states that the documents referenced in paragraph 60 speak for themselves, and otherwise denies the allegations contained in paragraph 60.

14. Admits that by letter dated December 9, 2004, Ms. Chezek issued a Contracting Officer's Final Decision and Demand for Payment regarding the DSO Segment closing, states that the letter speaks for itself, and otherwise denies the allegations contained in paragraph 61.

**COUNT I**

**Government's Allegations Regarding Government Claim for a Segment-Closing Adjustment under CAS 413.50(c)(12)**

15. Unisys' responses to paragraphs 49 through 61 of the counterclaim are incorporated by reference.

16. The allegations contained in paragraph 62 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 63 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 64 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 65 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Admits that Unisys caused approximately $27,377,056 of pension surplus to be transferred to Loral; otherwise denies the remaining allegations contained in paragraph 66.

21. The allegations contained in paragraph 67 constitute conclusions of law and defendant's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 68 constitute conclusions of law and defendant's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 69 constitute conclusions of law and defendant's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 70 constitute conclusions of law and defendant's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 71 constitute conclusions of law and defendant's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. Unisys denies that defendant is entitled to any of the relief sought in its prayer for relief appearing at the end of its counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The counterclaim fails to state a claim against Unisys upon which relief can be granted.

**WHEREFORE**, Unisys requests that the counterclaim be dismissed and that Unisys be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Terry L. Albertson
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2635
Fax (202) 628-5116

Attorney of Record for Unisys Corporation

OF COUNSEL:
Amy E. Laderberg
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2563
Fax (202) 628-5116

Dated: July ___, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the __th day of July, 2005, a copy of the foregoing Plaintiff's Reply to Defendant's Counterclaim was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Terry L. Albertson