IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **UNISYS CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-281C** |
| | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT MOTION FOR DEFERRAL OF BRIEFING**
**UPON PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Unisys Corporation, and defendant, the United States, jointly and respectfully request that the Court enter an order deferring the briefing upon the parties' planned motions for partial summary judgment in order to coordinate the briefing upon the legal issues involved in those motions with the briefing upon the same issues in the case of *General Electric Co. v. United States*, Fed. Cl. No. 99-172C, which is also pending before this Court.

As the Court is aware, on October 25, 2005, the parties filed their Joint Motion for Deferral of Joint Preliminary Status Report, in which they asked the Court to defer the filing of their Joint Preliminary Status Report pending the Court's determination of the parties' planned cross-motions for partial summary judgment upon certain legal issues. These issues relate, in general, to the appropriate treatment in the CAS 413 segment-closing adjustment calculation to be given to the seller's transfer to the closed segment's buyer of pension surplus allocable to the segment.

These same issues are involved in the *GE* case. The parties to *GE* and *Unisys* (Unisys, GE, and the Government) have discussed what procedures might be appropriate so that the Court

could have the benefit of coordinated proceedings upon these common issues. As a result of these discussions, the parties to this case (*Unisys*) have agreed to request that the Court defer the current briefing schedule in this case and direct that the briefing upon these common legal issues be put upon the same schedule as the briefing of these same issues in *GE*, when that briefing schedule has been established in that case. If the Court desires to hear oral argument on these issues, the Court could schedule the oral argument in both cases for the same time. The parties have also agreed that, if the Court agrees with this proposed approach, it would be unnecessary for either GE or Unisys to seek the Court's leave to participate as *amicus curiae* in the other party's case, because each party's views upon the same issues would be heard and considered by the Court at the same time and on the same schedule. As a result, neither GE nor Unisys would seek leave to participate as *amicus* in the other's case. During the telephone status conference that the Court conducted in *GE* on December 20, 2005, counsel for GE confirmed his agreement with this approach as well.

Therefore, the parties jointly and respectfully request that the Court enter an order deferring the planned summary judgment briefing in this case and suspending the deadlines established in the Court's Order dated October 26, 2005, pending the establishment of a briefing schedule upon these common legal issues in *GE*.

Respectfully submitted,

s/ Terry L. Albertson
TERRY L. ALBERTSON
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2635
Facsimile: 202.628.5116

Attorney for Plaintiff Unisys Corporation

Dated: January 10, 2006

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorneys for Defendant United States of America

OF COUNSEL:

STEPHEN R. DOOLEY
Supervisory Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

**CERTIFICATE OF FILING**

I hereby certify that on the 10th day of January, 2006, a copy of the foregoing Joint Motion for Deferral of Briefing Upon Parties' Motions for Partial Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird