**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNISYS CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-281C** |
| | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE SURPLUS TRANSFER ISSUE**

Pursuant to Rule 56(h)(1), RCFC, defendant, the United States, submits the following Defendant's Proposed Findings of Uncontroverted Fact ("DPFUFs") as a statement of the material facts upon which defendant bases its cross-motion for summary judgment and as to which defendant believes there is no genuine dispute.

1. In May 1995, Unisys Corporation ("Unisys") sold four segments in its Defense Systems Organization ("DSO") to Loral Corporation. The amount of surplus pension assets allocable to the sold segments as of the date of these segment closings was not less than $76,253,328. DCAA Audit Report No. 6181-97D19200123-S1, dated January 23, 2003, at 5 (Defendant's Appendix in Support of Defendant's Cross-Motion for Partial Summary Judgment on the Surplus Transfer Issue ("Def. App") at 76). As part of this transaction, Unisys transferred to Loral surplus pension assets totaling $27,377,055, or approximately 35.9% of this total ($76,253,328), and retained surplus pension assets in an amount not less than $48,876,183 (approximately 64.1% of the total). *Id.*

2. Plaintiff has not contended that, prior to entering into the Transaction Agreement

with Loral, Unisys ever (i) disclosed to the Government the proposed transfer of pension surplus to Loral, (ii) advised the Government of Unisys's position that the proposed transfer of pension surplus to Loral would satisfy any obligation that Unisys might have to make a CAS 413.50(c)(12) segment-closing adjustment with respect to the pension surplus that Unisys retained and did not transfer to Loral, or (iii) obtained the Government's consent or agreement to the proposed transfer of pension surplus to Loral. In fact, Unisys notes in its brief that, "timely agreement with the Government in advance of the transaction is virtually impossible to achieve. Corporate divestitures are typically the result of confidential negotiations in which the Government does not play any role." Memorandum of Points and Authorities in Support of Unisys' Motion for Summary Judgment at 28-29.

3. Plaintiff has not contended that the Government agreed at any time, expressly or by implication, that Unisys's transfer of pension surplus to Loral would satisfy, in whole or in part, Unisys's obligation to make a CAS 413.50(c)(12) segment-closing adjustment with respect to the Loral transaction or, more specifically, with respect to the pension surplus that Unisys retained that was allocable to the four closed segments.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

STEPHEN R. DOOLEY
Supervisory Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Dated: January 12, 2007

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorney for Defendant United States

**CERTIFICATE OF FILING**

I hereby certify that on the 12th day of January, 2007, a copy of the foregoing Defendant's Proposed Findings of Uncontroverted Fact in Support of Defendant's Cross-Motion for Partial Summary Judgment on the Surplus Transfer Issue was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird