IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNISYS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | ) | No. 05-281C<br>(Judge Firestone) |

**UNISYS CORPORATION'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE SURPLUS TRANSFER ISSUE**

Plaintiff, Unisys Corporation ("Unisys"), submits the following Response to Defendant's Proposed Findings of Uncontroverted Fact in Support of Defendant's Cross-Motion for Partial Summary Judgment on the Surplus Transfer Issue, dated January 12, 2007 ("DPFUFs"). Unisys will respond in accordance with the requirements of RCFC 56(h)(2).

1. In May 1995, Unisys Corporation ("Unisys") sold four segments in its Defense Systems Organization ("DSO") to Loral Corporation. The amount of surplus pension assets allocable to the sold segments as of the date of these segment closings was not less than $76,253,328. DCAA Audit Report No. 6181-97D19200123-S1, dated January 23, 2003, at 5 (Defendant's Appendix in Support of Defendant's Cross-Motion for Partial Summary Judgment on the Surplus Transfer Issue ("Def. App") at 76). As part of this transaction, Unisys transferred to Loral surplus pension assets totaling $27,377,055, or approximately 35.9% of this total

($76,253,328), and retained surplus pension assets in an amount not less than $48,876,183 (approximately 64.1% of the total). *Id.*

**UNISYS' RESPONSE:**

Unisys does not dispute that in May 1995, Unisys sold four segments in its Defense Systems Organization ("DSO") to Loral Corporation. Unisys does not dispute that as part of this transaction, Unisys transferred to Loral surplus pension assets totaling $27,377,055. Unisys denies Defendant's implication that the amount of the surplus pension assets allocable to the sold segments as of the date of these segment closings was any amount greater than $76,253,238.[1] Unisys denies Defendant's implication that the surplus pension assets retained by Unisys was any amount greater than $48,876,183.

2. Plaintiff has not contended that, prior to entering into the Transaction Agreement with Loral, Unisys ever (i) disclosed to the Government the proposed transfer of pension surplus to Loral, (ii) advised the Government of Unisys's position that the proposed transfer of pension surplus to Loral would satisfy any obligation that Unisys might have to make a CAS 413.50(c)(12) segment-closing adjustment with respect to the pension surplus that Unisys retained and did not transfer to Loral, or (iii) obtained the Government's consent or agreement to the proposed transfer to pension surplus to Loral. In fact, Unisys notes in its brief that, "timely agreement with the Government in advance of the transaction is virtually

---

1 While DPFUF No. 1 refers to the amount of surplus pension assets as $76,253,328, Unisys assumes that this amount is a typographical error, as the amount of surplus as stated in the DCAA Audit Report is $76,253,238.

impossible to achieve. Corporate divestitures are typically the result of confidential negotiations in which the Government does not play any role." Memorandum of Points and Authorities in Support of Unisys' Motion for Summary Judgment at 28-29.

**UNISYS' RESPONSE:**

If the term "Transaction Agreement" is defined as a reference to the contract that Unisys entered into with Loral on March 20, 1995 to sell the DSO to Loral, Unisys does not dispute DPFUF No. 2.

3. Plaintiff has not contended that the Government agreed at any time, expressly or by implication, that Unisys's transfer of pension surplus to Loral would satisfy, in whole or in part, Unisys's obligation to make a CAS 413.50(c)(12) segment-closing adjustment with respect to the Loral transaction or, more specifically, with respect to the pension surplus that Unisys retained that was allocable to the four closed segments.

**UNISYS' RESPONSE:**

For purposes of the pending motions, Unisys agrees that it does not contend that the Government expressly agreed at any time that Unisys' transfer of pension surplus to Loral would satisfy in whole Unisys' obligation to make a CAS 413.50(c)(12) segment-closing adjustment with respect to the Loral transaction or, more specifically, with respect to the pension surplus that Unisys retained that was allocable to the four closed segments, but if this case is not resolved as a result of

the decision on the pending motions, Unisys would reserve the right to dispute DPFUF No. 3. Defendant otherwise disputes the remainder of DPFUF No. 3.

Respectfully submitted,

s/Terry L. Albertson

Terry L. Albertson
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2635
Fax (202) 628-5116

Attorney of Record for Unisys Corporation

OF COUNSEL:
Amy Laderberg O'Sullivan
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2563
Fax (202) 628-5116

Anne H. Warner
Assistant General Counsel
Unisys Corporation
11720 Plaza America Drive
Reston, VA 20190
Tel. (703) 439-5747
Fax: (703) 439-3603

Dated: February 27, 2007

**CERTIFICATE OF FILING**

I hereby certify that on the 27th day of February, 2007, a copy of the foregoing Unisys' Response to Defendant's Proposed Findings of Uncontroverted Fact in Support of Defendant's Cross-Motion for Partial Summary Judgment on the Surplus Transfer Issue was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Terry L. Albertson