IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNISYS CORPORATION,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 05-281C<br>(Judge Firestone) |

**UNISYS CORPORATION'S CONSENT TO DEFENDANT'S MOTION FOR LEAVE TO FILE DEFENDANT'S RESPONSE TO BRIEF AMICUS CURIAE OF THE DIRECTV GROUP, INC. ON THE SURPLUS TRANSFER ISSUE**

On October 19, 2007, the Government filed a motion for permission to respond to the *amicus* brief filed by DIRECTV in this case. Unisys Corporation ("Unisys") has no objection to the Court accepting the Government's brief, but we have two observations about the weight it should be given by the Court.

First, Unisys (and General Electric ("GE") in a related case) have moved for summary judgment on purely legal issues. Unisys argues that the buyer was legally required to use the assets transferred by Unisys to reduce allowable pension costs on future contracts. As a result, if the amount of surplus transferred was sufficient to give the Government at least as much economic benefit in the pricing of future contracts as it would have received if Unisys had written a check for the adjustment due under CAS 413, either Unisys complied with CAS 413 or, if there was a CAS noncompliance, that noncompliance does not result in any "increased cost" to the Government. That legal issue is the only issue before the Court on the

pending Unisys motion for summary judgment. The Government brief in response to the DIRECTV *amicus* brief adds nothing that has not already been said in prior briefs about that legal issue.

Second, much of the Government brief is devoted to describing fanciful hypothetical situations in which some contractor *might* have transferred less surplus than would be necessary to guaranty the Government the same economic benefit it would have received if the contractor had written a check for the adjustment. The Government cites no real situation in which that has happened. The regulations were changed over 12 years ago, so any real case involving that situation would be known to the Government by now (and probably pending before this Court). In any case, Unisys has never questioned the Government's right to verify that the amount it transferred was sufficient to confer the economic benefit alleged.

While Unisys is aware of no basis for disagreement about the benefit that the Government actually derived from the surplus that was transferred, Unisys has not moved for summary judgment on that issue and it is not presently before the Court. If the Court grants the Unisys motion, the parties will have to address and resolve any disagreement, if there is one, about the factual premise on which the Unisys legal argument is based. Only in the unlikely event that there is a genuine factual dispute will the Court need to address the adequacy of the amount transferred.

The Government brief simply reiterates its demonstrably inequitable legal interpretation of the pre-1995 CAS 413 requirements and the same hypothetical

and nonexistent factual possibilities it postulated months ago in its principal briefs. Unisys does not believe that the new brief adds anything to the legal analysis, but has no objection to its consideration by the Court.

/s/
Terry L. Albertson
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2635
Fax (202) 628-5116

Attorney of Record for Unisys Corporation

OF COUNSEL:
Amy Laderberg O'Sullivan
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2563
Fax (202) 628-5116

Anne H. Warner
Assistant General Counsel
Unisys Corporation
11720 Plaza America Drive
Reston, VA 20190
Tel. (703) 439-5747
Fax: (703) 439-3603

Dated: October 23, 2007