**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNISYS CORPORATION,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Civil Action No. 05-281C<br>(Judge Firestone) |

**PLAINTIFF UNISYS CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Unisys Corporation ("Unisys") respectfully submits the following Notice of Supplemental Authority to call the Court's attention to the reversal on reconsideration of a decision relied on by the Government in its briefing of this case.

On August 29, 2007, the Government filed its reply brief in support of its Cross-Motion for Partial Summary Judgment on the Surplus Transfer Issue. The Government cited the Armed Services Board of Contract Appeals' ("the Board") decision in *Appeal of Raytheon Co.*, ASBCA No. 54907 (Aug. 21, 2007) and argued that the Court "should reach the same result here." Def. Reply at 15. The Government contended that in *Raytheon,* the Board rejected the contractor's argument that "because the Government had allegedly failed to prove that its CAS noncompliance had caused increased costs on specific contracts, the Government had failed to make out a *prima facie* case for recovery under CAS 413," and instead held that the contractor's "CAS 413 noncompliance *i.e.*, its failure to timely 'settle

up' with the government as required by CAS 413, resulted in increased costs paid by the United States." Def. Reply at 15.

We believe that the Government's characterization of the *Raytheon* decision was inaccurate. There were two issues in *Raytheon*. First, the Government argued that Raytheon's failure to complete a segment closing adjustment in the same fiscal year as the segment closing was noncompliant with the requirements of CAS 413. Second, because the Government is entitled to interest on CAS noncompliances, the Government argued that it was entitled to interest on the segment-closing adjustment that the Raytheon eventually agreed to pay. Unlike the *Unisys* case, the seller in *Raytheon* made no transfer of surplus assets to the buyer. In fact, there was no dispute in *Raytheon* about the amount of the segment closing adjustment or the method used to calculate the adjustment. Raytheon wrote a check to the Government for the entire negotiated amount of the segment closing adjustment. Because there had been no asset transfer, Raytheon did not claim that its obligation to the Government should be reduced to reflect the value of transferred assets. The only amount at issue was the interest that the Government claimed for the period prior to the date of payment. Therefore, the original decision in *Raytheon* was completely irrelevant to the issues before this Court in the *Unisys* case.

In its original decision granting the Government's motion for summary judgment, the Board in *Raytheon* found that the segment-closing adjustment had to be made in the same fiscal year that the segment closing occurred and that because

Raytheon had not made payment in that fiscal year, the Government was entitled to interest on the negotiated payment eventually made by Raytheon. On reconsideration, however, the Board admitted that it had misread the factual record:

> Our decision on CAS noncompliance was predicated upon our conclusion (07-2 BCA at 166,656) that appellant did not make current period adjustments for the two payments made in 2004. Upon reconsideration however, we believe that our decision was not based upon stipulated or undisputed facts but upon factual inferences drawn from a record that was not altogether clear on this point. An equally plausible factual inference was that appellant's payments were in fact allocated to the relevant current cost accounting periods by virtue of prior period adjustments. The record was silent and unclear on the accounting treatment of these payments. Summary judgment should have been denied to allow for further record development.

*Raytheon Co.*, ASBCA No. 54907, 08-1 BCA ¶ 33,859, at 167,618.

The Board went on to explain why it was not only denying the Government's summary judgment motion on reconsideration, but also granting Raytheon's cross-motion for summary judgment (which it had originally denied):

> However we see no need to reinstate the appeal for these purposes or to address the government's other arguments regarding CAS noncompliance because we conclude that the government in any event is not entitled to recover interest under the circumstances for reasons stated below. We agree with appellant and the *amicus curiae* that the CAS statute, 41 U.S.C. § 422(h), and the relevant CAS clause, FAR 52.230-2, contemplate that the government is entitled to a contract price adjustment plus interest for a contractor's failure to comply with cost accounting standards or failure to follow a cost accounting practice consistently. *We agree that this contract price adjustment must reflect increased costs paid by the United States*

> *caused by such failures based upon an analysis of relevant contracts impacted by the noncompliance.*
>
> The contract price or cost adjustment to which the government was entitled under CAS 413.50(c)(12) was an adjustment due the government by virtue of the segment closing and the resultant calculation made as of the date of segment closing. This contract price or cost adjustment did *not* result from a CAS violation or from a failure to follow a cost accounting practice consistently, which is what the CAS statute and CAS clause require in order for appellant to be liable for a contract price adjustment and interest under these provisions. *In effect, the CAS statute and CAS contract clause posit a cause and effect relationship between the contract price adjustment, the CAS violation and any resulting increased costs paid by the government.*
>
> Upon reconsideration, we believe that the government failed to establish such a cause and effect relationship, and it is appropriate to correct our error on reconsideration.

*Id.* (emphasis added).

While the Board's original decision in *Raytheon* was irrelevant to any issue before this Court in the *Unisys* case, the Board's conclusion on reconsideration is relevant. In the *Unisys* case, there are also two issues: (1) was the transfer of assets to the purchaser, for use by the purchaser in a way that would necessarily reduce costs on Government contracts, compliant with the segment-closing requirements of CAS 413 and (2) if not, did the Government actually pay increased costs as a result of the noncompliance with CAS 413. The first issue was not addressed in *Raytheon*, but the second issue was. In *Raytheon* the Board concluded that the "contract price adjustment must reflect increased costs paid by the United

States *caused* by such failures based upon an analysis of relevant contracts impacted by the noncompliance." *Id.* (emphasis added).

The Board's legal conclusion about the causal relationship required by the regulation is precisely what Unisys has argued in its motion for summary judgment and what the Government has contested. As the Board found in *Raytheon*, in order to prevail in this case, the Government must prove not only that Unisys failed to comply with the requirements of CAS 413, but also that the failure to comply with the regulation actually caused damages in the form of increased costs paid by the Government. We believe that the asset transfer by Unisys for the future benefit of the Government complied with both the letter and the spirit of the CAS 413 segment-closing requirements, but even if not, the transfer has certainly protected the Government from paying increased costs.

Respectfully submitted,

s/ Terry L. Albertson

Terry L. Albertson
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2635
Fax (202) 628-5116

Attorney of Record for Unisys Corporation

OF COUNSEL:
Amy Laderberg O'Sullivan
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2563
Fax (202) 628-5116

Anne H. Warner
Office of the General Counsel
Unisys Corporation
11720 Plaza America Drive
Reston, VA 20190
Tel. (703) 556-5747
Fax: (703) 556-5870

Dated: August 12, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 12th day of August, 2008, a copy of the foregoing "Plaintiff Unisys Corporation's Notice of Supplemental Authority" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Terry L. Albertson