ment of Agriculture Board of Contract Appeals on July 31, 2006, and the matter was docketed as AGBCA No. 2006-149-1. The appeal was transferred to the Civilian Board of Contract Appeals, upon the consolidation of the civilian agency boards of contract appeals. The matter was redocketed as CBCA 122. After engaging in extensive discovery, the parties agreed to participate in mediation. A three-day mediation was held in Bismarck, North Dakota, on April 8-10, 2008. At the time of mediation, the claim was $1,050,135. Through mediation, the parties came to an agreement on compensation and entered into a Stipulation for Dismissal, globally settling all claims arising out of the contract. Under a cover letter dated April 30, 2008, the parties forwarded to the Board a Joint Motion to Dismiss, calling for dismissal of the appeal with prejudice.

Accordingly, this appeal is **DISMISSED WITH PREJUDICE**.

---

**¶ 33,859 Raytheon Company**

ASBCA, No. 54907, April 28, 2008. Contract No. DAAH01-96-C-0114.

**Disputes, Procedure—Reconsideration—Correction of Error in Original Decision.**—A summary judgment ruling involving noncompliance with Cost Accounting Standards was reconsidered because the decision was not based on undisputed facts but on factual inferences drawn from an unclear record. The board granted the government's summary judgment motion on the government's claim for excess pension contributions following the contractor's closing of two business segments (see 07-2 BCA ¶ 33,655). The contractor moved for reconsideration and the board concluded its decision was not based on stipulated facts but on factual inferences in the record that did not clearly resolve the issue of noncompliance with Cost Accounting Standards, specifically CAS 413.50. The board's decision was predicated on an assumption the contractor did not make current period adjustments for two payments. However, an equally plausible factual inference was that the contractor's payments were allocated to the relevant current cost accounting periods by virtue of prior period adjustments. The record was silent and unclear on the accounting treatment of the two payments. Therefore, summary judgment should have been denied to allow for further record development.

**Payments—Interest—Noncompliance with Cost Accounting Standards.**—A contractor's motion for reconsideration of a summary judgment decision awarding the government interest for the contractor's noncompliance with Cost Accounting Standards was granted because the contract price adjustment did not result from a CAS violation or the contractor's failure to follow a cost accounting practice consistently. In the prior decision (07-2 BCA ¶ 33,655), the board concluded the contractor failed to make timely current period adjustments of pension costs as of the date of segment closing for two closed business segments, as required by Cost Accounting Standards 413.50(c)(12), and consequently the contractor owed the government interest on those adjustments, compounded daily, in accordance with the CAS statute (41 USC 422(h)) and CAS clause (FAR 52.230-2). On reconsideration, the board concluded the record did not support summary judgment regarding the contractor's compliance with Cost Accounting Standards 413.50(c)(12). Moreover, the government was not entitled to interest in any event. The CAS statute and clause contemplate the government is entitled to a contract price adjustment plus interest for a contractor's failure to comply with CAS or follow a cost accounting practice consistently. Accordingly, the price adjustment must reflect the increased costs paid by the government on account of a contractor's CAS violation or inconsistent accounting practice. Here, however, the government would have been entitled to the adjustment by virtue of the segment closing and the resultant calculation made as of the date of segment closing, but not for a CAS violation or inconsistent cost accounting practice. Moreover, the contract's Interest clause (FAR 52.232-17) also did not support the government's claim for interest. The clause stated the contractor is liable for interest if it does not pay the government within 30 days of a debt coming due. Here, it was undisputed the contractor paid the two pension adjustments within 30 days of the government's first written demand for payment and therefore owed no interest under the clause.

For the appellant: Karen L. Manos, Esq., Christyne K. Brennan, Esq., Gibson, Dunn & Crutcher LLP, Washington, DC. For the government: E. Michael Chiaparas, Esq., Chief Trial Attorney, Lawrence S. Rabyne, Esq., Trial Attorney, Defense Contract Management Agency, Arlington Heights, I., For the National Defense Industrial Association as amicus curiae: Terry L. Albertson, Esq., Linda S. Bruggeman, Esq., Crowell & Moring LLP, Washington, DC.

Before DELMAN, STEMPLER, and THOMAS, Administrative Judges.

Granting reconsideration of (ASBCA 2007) 07-2 BCA ¶ 33,655

DELMAN, Administrative Judge: Raytheon Company (appellant) timely seeks reconsideration of our decision, *Raytheon Company*, ASBCA No. 54907, 07-2 BCA ¶ 33,655, granting the government's summary judgment motion and denying appellant's cross-motion. Appellant seeks oral argument, and also seeks referral of the motion to the Board's "senior deciding group" (SDG). The Board's decision held that appellant failed to timely effect *current period adjustments* of pension costs as of the date of segment closing for two closed business segments, as required by CAS 413.50(c)(12), and appellant owed the government interest on these adjustments, compounded daily, in accordance with the CAS statute and CAS clause. The National Defense Industrial Association (NDIA) has filed a brief as *amicus curiae*. The NDIA concurs with appellant's motion for reconsideration but takes no position on referral to the SDG. The government has filed in opposition to appellant's motion for reconsideration and opposes referral to the SDG.

The Chairman has declined to refer appellant's motion to the SDG. Appellant's request for oral argument is denied. Familiarity with our prior decision is presumed.

Appellant has not shown any error in the Board's interpretation of CAS 413.50(c)(12), the relevant provisions of the "Preamble to Amendments of CAS 412 and 413, 3-30-95" or the relevant case law cited in the Board's decision, all of which uniformly require that the subject pension cost adjustment be a current period adjustment, and which we reaffirm here. Our decision on CAS noncompliance was predicated upon our conclusion (07-2 BCA at 166,656) that appellant did not make current period adjustments for the two payments made in 2004. Upon reconsideration however, we believe that our decision was not based upon stipulated or undisputed facts but upon factual inferences drawn from a record that was not altogether clear on this point. An equally plausible factual inference was that appellant's payments were in fact allocated to the relevant current cost accounting periods by virtue of prior period adjustments. The record was silent and unclear on the accounting treatment of these payments. Summary judgment should have been denied to allow for further record development.

However we see no need to reinstate the appeal for these purposes or to address the government's other arguments regarding CAS noncompliance because we conclude that the government in any event is not entitled to recover interest under the circumstances for reasons stated below. We agree with appellant and the *amicus curiae* that the CAS statute, 41 U.S.C. § 422(h), and the relevant CAS clause, FAR 52.230-2, contemplate that the government is entitled to a contract price adjustment plus interest for a contractor's failure to comply with cost accounting standards or failure to follow a cost accounting practice consistently. We agree that this contract price adjustment must reflect increased costs paid by the United States caused by such failures based upon an analysis of relevant contracts impacted by the noncompliance.

The contract price or cost adjustment to which the government was entitled under CAS 413.50(c)(12) was an adjustment due the government by virtue of the segment closing and the resultant calculation made as of the date of segment closing. This contract price or cost adjustment did *not* result from a CAS violation or from a failure to follow a cost accounting practice consistently, which is what the CAS statute and CAS clause require in order for appellant to be liable for a contract price adjustment and interest under these provisions. In effect, the CAS statute and CAS contract clause posit a cause and effect relationship between the contract price adjustment, the CAS violation and any resulting increased costs paid by the government.

Upon reconsideration, we believe that the government failed to establish such a cause and effect relationship, and it is appropriate to correct our error on reconsideration. *See BAE Systems Information & Electronic Systems Integration, Inc. (formerly Lockheed Martin IR Imaging Systems, Inc., and Loral Infrared and Imaging Systems, Inc.)*, ASBCA No. 44832, 03-1 BCA ¶ 32,193 at 159,115 (Thomas, concurring). *See also Dan Rice Construction Co.*, ASBCA No. 52160, 05-1 BCA ¶ 32,825. We conclude that the contract price adjustment and related interest provisions under the CAS statute and CAS clause have no application under the facts of this case. Accordingly, the government is not entitled to interest under the CAS statute and the CAS clause.

We also conclude that the government is not entitled to interest under the Interest clause of the contract. The Interest clause, FAR

 ©2008 CCH. All Rights Reserved.

52.232-17 (JAN 1991) to which the parties have stipulated, provides in pertinent part as follows:

INTEREST (JAN 1991)

(a) Notwithstanding any other clause of this contract, all amounts, except amounts that are repayable and which bear interest under a Price Reduction for Defective Cost or Pricing Data clause, that become payable by the Contractor to the Government under this contract. . . shall bear simple interest from the date due until paid unless paid within 30 days of becoming due . . . .

(b) Amounts shall be due at the earliest of the following dates:

(1) The date fixed under this contract.

(2) The date of the first written demand for payment consistent with this contract, including any demand resulting from a default termination.

We believe (b)(2) governs here. It is undisputed that appellant paid these two pension adjustments within 30 days of the government's first written demand for payment, and hence owes no interest under the clause. We are not unmindful of the years of elapsed time between the dates of the segment closings and the payments in this case, but the government was not without contractual remedy. It could have made prompt written demands for payment and/or promptly filed CDA claims to move matters forward and/or to seek interest on the amounts claimed. It chose to do neither in these cases.

CONCLUSION

For reasons stated, we conclude that the government is not entitled to recover interest under the circumstances of this case. We grant appellant's motion for reconsideration and enter summary judgment for appellant.

The appeal is sustained.

---

## ¶ 33,860 Eagle Alliance v. National Security Agency

CBCA, No. 1075, April 30, 2008.

**Disputes, Procedure—Miscellaneous Motions—Withdrawal of Claim.**—An appeal was dismissed because the contractor requested withdrawal of the appeal and the government concurred. Due to uncertainty regarding appeals of decisions from contracting officers of the National Security Agency, the contractor had filed appeals in both the Armed Services Board of Contract Appeals and the Civilian Board of Contract Appeals. Following an opinion from the ASBCA concluding jurisdiction rested with the ASBCA (08-1 BCA ¶ 33,828), the contractor withdrew its appeal before the CBCA.

For the appellant: Paul F. Khoury, Kara M. Sacilotto, Nicole J. Owren-Wiest, Jon W. Burd, and Heidi L. Bourgeois of Wiley Rein LLP, Washington, DC. For the government: Darrell F. Cook, Office of General Counsel, National Security Agency, Fort George G. Meade, MD.

Before FENNESSY, Board Judge.

FENNESSY, Board Judge: This matter comes before the Board on appellant's "Motion for Confirmation of Jurisdiction." The government has concurred in appellant's request for confirmation of jurisdiction (letter of 3 March 2008).

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 31 July 2001, the National Security Agency/Central Security Service (NSA) awarded Contract No. DCA904-01-D-2101[1] to Eagle Alliance (appellant).[2] On 21 December 2006, appellant filed a claim for approximately $187.5 million.[3] On 15 November 2007, the contracting officer issued a final decision, denying the claim in its entirety. The contracting officer's decision advised appellant of its appeal rights to "the agency board of contract appeals" or the U.S. Court of Federal Claims (Notice of Appeal (NOA) ex. 1 at 67). On 11 February 2008, appellant filed a timely NOA with this Board.

We are informed from the motion papers that simultaneously with the appeal to the ASBCA, appellant filed a NOA with the Civilian Board of Contract Appeals (CBCA) (docketed as CBCA No. 1075).[4] On 13 February 2008, the CBCA stayed proceedings in CBCA No. 1075 until 13 May 2008, pending resolution of the jurisdiction issue by the ASBCA. (App. mot., ex. A) By date of 19 February 2008, the government filed a Motion to Dismiss for Lack of Jurisdiction at the CBCA, asserting that jurisdiction was proper at the ASBCA. Government counsel simultaneously provided a copy of its motion to the CBCA to us.

On 3 March 2008, appellant filed the instant unopposed motion.