# In the United States Court of Federal Claims

(Filed: August 15, 2008)

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 99-172C |
| DIRECTV GROUP INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant, | No. 04-1414C |
| UNISYS CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant, | No. 05-281C |

## O R D E R

As set forth in this court's July 3, 2008 order, oral argument on the parties' cross motions for summary judgment on the surplus transfer issue shall be heard on **Monday, August 25, 2008, at 10:00 a.m. eastern time** at the Howard T. Markey National Courts Building, 717 Madison Place, N.W., Washington, DC 20005. Counsel for each party shall appear in person.

The parties shall focus their argument, in addition to any other issues briefed, on the following three issues:

1. Whether, under CAS 413.50(c)(12), the segment closing adjustment must be performed on the entire segment, or may be performed only on the portion of the segment retained by the seller.

2. Assuming the government derives some benefit from a pension surplus transferred to a buyer, whether the Credits Clause, FAR 31.201-5, 48 C.F.R. § 31.201-5 (2007), contemplates that the seller should receive credit for any "cost reduction" resulting from the transfer of a pension surplus. See Teledyne, Inc. v. United States, 50 Fed. Cl. 155, 182 (2001).

3. Assuming the government derives some benefit from a pension surplus transferred to a buyer, whether disputed issues of fact preclude summary judgment on the value of that benefit in the above-captioned cases.

The plaintiffs shall have thirty minutes to address each issue, including response time, and may divide the time amongst themselves as they wish. The government shall also have thirty minutes to address each issue, including response time. Issues one and two shall be addressed first, after which the court will break for one hour for lunch. Following the lunch break, the parties shall address issue three and any other issues the parties wish to raise that have not been addressed by issues one and two.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge